UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

Eastern District of Kentucky
FILED
JUN 0 5 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-170-KSF

MARCUS BOND JOHNSON                                                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

MARY CATHERINE FLORES                                                                              DEFENDANT

Marcus Bond Johnson, a non-prisoner plaintiff, has initiated the instant civil action by submitting a one-page handwritten document [Record No. 1], which the Court construes as a complaint; and a motion to proceed *in forma pauperis*, using a financial affidavit form designed for prisoners.

The instant plaintiff has now filed more than a dozen *pro se* civil actions in this Court. In the month of May, 2006, he filed nine of them, all with accompanying requests to proceed *in forma pauperis* on the prisoner affidavit form. This is despite the Court's having repeatedly informed him of the need for his complaint/allegations to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure or face dismissal; and also despite the Court's previously having advised him of the impropriety of using the prisoner financial form and each time having provided him with the proper affidavit form for non-prisoners.[1]

In the instant case, the plaintiff writes on the financial form that the defendant is Mary Catherine Flores. On the construed complaint he sets out other names used by this defendant, including maiden name of Mary Catherine Johnson; and he charges, "Because of Neglect and Fraud

---

[1] *See, e.g., Johnson v. Lexington Legal Bar Association*, Lex. No. 03-CV-135-JMH; *Johnson v. Building Under Construction*, Lex. No. 04-CV-378-JBC; and *Johnson v. Kentucky Fried Chicken, et al.*, Lex. No. 06-CV-140-JMH.

and fact that [Flores] disowned Marcus Bond Johnson in the United State Courts."

A *pro se* complaint is held to less stringent standards than those composed by an attorney and should be construed as alleging all fairly and reasonably inferred claims, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But Federal Rule of Civil Procedure 8(a) still requires a *pro se* plaintiff's complaint to include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

A complaint which fails to meet the basic requirements of Rule 8 should be dismissed without prejudice. *Parker v. Debuono*, 2000 WL 223841 (S.D.N.Y. 2000); *Vicom, Inc. v. Harbridge Merchant Services,* 20 F.3d 771, 775 (7th Cir. 1994). This is equally true of *pro se* complaints, which may be dismissed *sua sponte* if they fail to satisfy the requirements of Rule 8. *Owens v. Suter*, 2003 WL 942554 (S.D.N.Y. 2003); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas 2000) ("[i]t is not the Court's place to speculate or imagine what the plaintiff's claims may be."); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Johnson's complaint herein clearly does not satisfy even the minimal pleading requirements of Federal Rule of Civil Procedure 8, as it has not set forth a <u>short</u> and <u>plain</u> statement of the <u>facts</u> supporting each allegation in the complaint. The plaintiff's complaint presents no discernible federal claim and makes no factual allegations whatsoever. Such defects render the complaint patently insubstantial and, therefore, subject to dismissal, pursuant to Fed.R.Civ.P. 12(b)(1). *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000); *Hagans v. Lavine*, 415 U.S. 528, 537 (1974); *Health Cost Controls v. Skinner*, 44 F.3d 535, 537 (7th Cir. 1995) (court should dismiss claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit,

wholly insubstantial, or obviously frivolous" for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)). Johnson also makes no allegation to invoke this Court's subject matter jurisdiction, *Thomson v. Gaiskill*, 315 U.S. 442 (1942) (plaintiff must expressly allege basis for court's subject matter jurisdiction), rendering the complaint subject to dismissal under *Wells* or *Neitzke*.

The Court has previously afforded Johnson the opportunity to amend his complaints in other actions that he has filed. But the present complaint utterly fails to assert any discernible claim over which this Court would have subject matter jurisdiction, and the plaintiff's filing of numerous and patently insubstantial complaints counsel against granting such an opportunity here. The complaint will therefore be dismissed without prejudice.

Johnson is now further advised that the Court possesses the inherent authority to prevent the abuse of the judicial process by enjoining those who file multiple, frivolous, or malicious pleadings. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *In re Green*, 669 F.2d 779, 784 (D.C. Cir. 1981); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("'Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'", citing *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821)); 28 U.S.C. §1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Where a litigant has "demonstrated a 'history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith . . .'", the Court may enter an order prospectively denying *in forma pauperis* status and direct the Clerk of the Court to return unfiled any complaint or petition submitted by the litigant unless

3

accompanied by the appropriate filing fee. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992).

The Court is considering sanctions under the afore-discussed authority. It will not invoke such authority at this time, but Johnson is cautioned that if he continues to file complaints and motions which plainly fail to comply with the procedural requirements of the Court, the Court may issue an order directing the Clerk of the Court to refuse to file further submissions from him unless he pre-pays the entire $350.00 district court filing fee.

Accordingly, it is hereby **ORDERED** as follows:

(1)   Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

(2)   Plaintiff's application to proceed *in forma pauperis* [Record No. 2] is **DENIED**.

This the 2nd day of June, 2006.

KARL S. FORESTER, SENIOR JUDGE

4